## New York Marine Court.

*Trial Term—November* 21, 1879.

## CHARLES W. BAXTER *against* PATRICK MA-
## LONEY AND VALENTINE EULER.

**Liability of sureties on defendant's bond in claim and delivery action.**—Where a defendant in an action of claim and delivery gives an undertaking conditioned for the delivery of the property claimed to the plaintiff, if such delivery shall be adjudged, and for the payment of such sum as may for any cause be awarded against said defendant, the sureties thereon are not liable for the value of the property ordered to be delivered until after the return of an execution commanding the sheriff to take such property has been issued and returned. But such sureties are liable for the damages and costs awarded without any execution having been issued.

Action upon an undertaking executed by the defendants as sureties, wherein it is recited that the plaintiff in the action has instituted proceedings against James Marshall and William C. Craig, to recover the possession of certain personal property specified in an affidavit made by the plaintiff, pursuant to the second chapter of the seventh title of the second part of the Code of Procedure. The undertaking recites that "the said property has been concealed, removed, or disposed of with intent that it should not be found or taken, or to deprive the plaintiff of the benefit thereof, so that it cannot be found or taken by the sheriff." The sureties "then undertake and become bound to the plaintiff herein in the sum of $250 for delivery of the property to the plaintiff, if such delivery shall be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendants in the action." The action referred to in the undertaking was subsequently tried, and resulted in a verdict in favor of the plaintiff for the possession of the property claimed, assessing the

value thereof at $85, with $15.12 damages, to which were added $183.65 as taxed costs, and judgment therefor (in form for replevin) was thereupon entered. The plaintiff thereupon issued an execution, not in the form required by the Code in replevin actions (3 *R. S.* 5 ed. 547 ; *Code Civ. Pro.* § 1373) but that authorized on ordinary money judgments (*Code Civ. Pro.* § 1368). Upon return *nulla bona* of this execution, the present action was brought. Defendant Maloney claims that the action was prematurely brought, and that the sureties cannot be charged until an execution in the required form has been properly issued and returned.

*Casper & Adams*, for plaintiff.

*Moses Herrman*, for defendant.

McADAM, J.—The judgment in the original action is in accordance with section 277 of the Code, and adjudges that the defendant therein pay the value of the property claimed *in case a delivery cannot be had.* The recovery of the value is not awarded absolutely, but conditionally, and until it appears that the condition cannot be performed, the sureties are not liable for the value. The evidence required to prove non-compliance with such condition is the sheriff's return upon an execution issued in the form prescribed by section 1373 of the Code of Civil Procedure, to the effect that delivery of possession of the property cannot be made (Hager *v.* Clute, 10 *Hun*, 447). Such an execution has not been issued and returned, and the conditional liability of the sureties for the value of the property has not been legally fixed. But as to the moneyed portion of the judgment, *i. e.*, the $15.12 damages, and $183.65 costs, the plaintiff is entitled to recover, because the judgment as to these items is absolute, and these charges would have to be paid, whether the property was returned or not. Judgment will therefore be rendered for these two sums, aggregating $198.77, with interest and costs.